# Darby Borough School District's Appeal.

*Boroughs—Incorporation—Division—School districts—Adjustment of indebtedness—Jurisdiction—Act of June 1, 1887.*

Where a borough is created out of part of the territory comprised in another borough, the court of quarter sessions has jurisdiction, under the act of June 1, 1887, P. L. 285, to appoint an auditor to report upon the proper adjustment of the property and indebtedness of the school districts of the two boroughs.

*Certiorari—Appeal—Practice—Supreme Court.*

On a certiorari and appeal from an order confirming the report of such an auditor, the inquiry of the Supreme Court is limited to the question of the jurisdiction of the court below, and the regularity of its proceedings, without more.

Argued Feb. 7, 1894.   Appeal, No. 178, July T., 1893, by the School District of the Borough of Darby, from order of Q. S. Delaware Co., confirming report of auditor appointed to report upon the proper adjustment of the property and indebtedness of the school districts of the boroughs of Darby and Sharon Hill.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Petition for incorporation of borough of Sharon Hill.

From the record it appeared that by a decree of the court

of quarter sessions of Delaware county, entered June 2, 1890, the borough of Sharon Hill was created out of the territory comprised in the borough of Darby.

Garnett Pendleton, Esq., was appointed auditor under the act of June 1, 1887, P. L. 285, " to ascertain the existing liabilities of the several boroughs and school districts " affected by the change of limits, " the amount and value of the property owned by each and the amount and value of the property passing to or from each borough or school district, and the assessed valuation of all property liable to taxation for borough or school purposes, as shown by the last annual assessment of each of said boroughs and school districts and within the limits of the part annexed to or detached from said borough, and report the same to the court, with the form of a decree adjusting the liabilities for all indebtedness and the value of the property held or acquired by each justly and equitably upon said borough and school districts respectively."

The auditor made separate reports upon the borough and school district matters, and the question presented in this proceeding relates to the proper adjustment of the property and indebtedness of the school districts of the boroughs of Darby and Sharon Hill.

The auditor reported that, except as to the state appropriation, the proper ratio of distribution was to be adjusted between the two school districts upon the basis of the relative assessed valuation of each.

Exceptions by appellant dismissed and report confirmed, in an opinion by CLAYTON, P. J., 2 Dist. R. 485.

*Errors assigned* were in dismissing exceptions to the auditor's, report to the effect that he erred in deciding that the school district of the borough of Darby is only entitled to receive from the school district of Sharon Hill a sum ascertained by taking the ratio of their respective assessed valuations for purposes of taxation, without respect to the numbers of pupils and taxables resident in the respective districts; and in entering decree; quoting exceptions.

*A. Lewis Smith*, for appellant, cited: Jenkintown School Dist., 6 W. N. 65; Abington School Dist., 84 Pa. 179; Gilber-

ton School Board Case, 1 Schuylkill Leg. Rec. 11; Butler Twp. Sch. Dist. v. Gordon School Dist., 10 Pa. C. C. R. 663.

*Edward P. Bliss*, for appellee, cited: Division of Valley Twp., 146 Pa. 119; Carpenter's Case, 11 W. N. 162; Luzerne Co. v. Trimmer, 95 Pa. 97; Elk Twp. School Dist., 146 Pa. 1; Acts of May 8, 1854, P. L. 618; April 11, 1862, P. L. 472; June 1, 1887, P. L. 285; June 12, 1878, P. L. 184; Williams Twp. v. Williamstown, 9 Pa. C. C. R. 65; Luzerne Boro. Sch. Dist., 3 Kulp, 162.

PER CURIAM, February 26, 1894:

This certiorari involves inquiry into the jurisdiction of the court below and the regularity of its proceedings, without more. The act of June 1, 1887, P. L, 285, under which the proceedings were had, provides that, "upon making the decree," as therein specified, "the same shall be conclusive upon all parties interested." It also provides for the appointment of an auditor and makes it his duty to "ascertain the existing liabilities of the several boroughs, townships and school districts" affected by the change of limits; "the amount and value of the property owned by each, and the amount and value of the property passing to or from each borough, township or school district, and the assessed valuation of all the property liable to taxation for borough, township or school purposes, as shown by the last annual assessment of each, . . . . and within the limits of the part annexed to or detached from said borough, and report the same to the court, with the form of a decree adjusting the liabilities, for all indebtedness and the value of the property held or acquired by each, justly and equitably upon said borough, township and school district, respectively." The act thus appears to provide for the ascertainment of certain data, upon the basis of which the just and equitable adjustment, contemplated by it, shall be made.

There cannot be any doubt as to the jurisdiction of the court; and the proceedings appear to be regular and in harmony with the law applicable to the subject. We find no error in the decree, or in the proceedings leading up thereto.

Decree affirmed with costs to be paid by appellant.